**C. W. Mundell et al., Defendants in Error, v. Ruby Jane Cravens et al., Plaintiffs in Error.**

448

Opinion filed September 19, 1932.

D. F. Moore, Eovaldi & Eovaldi and Charles C. Murrah, for plaintiffs in error.

Thurlow G. Lewis, A. D. Morgan, Layman & Johnson, Moses Pulverman and Wm. W. Hart, for defendants in error.

Mr. Justice Fulton delivered the opinion of the court.

This is a suit in chancery instituted by C. W. Mundell, C. H. Davis and Fred Phillips, on behalf of themselves and all other creditors of the Illinois Bank and Trust Company, seeking to enforce the constitutional and statutory stockholders' liability against each of the shareholders of said bank and praying also for a receiver to collect and disburse said fund.

General and special demurrers were filed by the plaintiffs in error and numerous other defendants, which were overruled and the plaintiffs in error and many other defendants filed joint and several answers to said bill. After answers were filed, four cross-bills were also filed.

The Illinois Bank and Trust Company of Benton, Illinois, was organized under the general banking laws of this State on March 20, 1930, and conducted a general banking business until September 25, 1930, when, by resolution of the board of directors, it placed its affairs in the hands of Oscar Nelson, auditor of public accounts of the State of Illinois. On October 23, 1930, R. P. Blake was appointed receiver for the purpose of liquidating the assets of the bank, and duly qualified and went into possession of all the affairs of the said bank.

The four cross-bills filed were as follows:

One by Tena Thompson, charging that she became a stockholder by reason of fraudulent representations made by W. W. McCreery and certain other codefendants, and that she had been cheated and defrauded by

them in purchasing said stock. The cross-bill further alleged that the Illinois Bank and Trust Company was merely a continuation of the Benton State Bank and was organized by the officers and directors of the Benton State Bank, aided and abetted by the stockholders of said bank for the purpose of relieving themselves from the legal liabilities incurred from the insolvent condition of the Benton State Bank. The prayer of the cross-bill asked that the court cancel the stock held by her and that her claim against the Benton State Bank be restored to her.

Another cross-bill filed by Andrew Zadrozony and others averred that the Benton State Bank was a banking organization which failed on October 19, 1929, and that the Illinois Bank and Trust Company was organized to take over the assets of said Benton State Bank, and that a fraud was perpetrated upon each of them and that said stock was wholly worthless and that cross complainants should be relieved of their stockholders' liability by reason of said fraud, that their stock should be canceled and certain of their codefendants be required to repay them their purchase money.

The other two cross-bills, one filed by D. L. Wood et al., and one filed by Grace B. Arnold et al., allege and charge the same general averments with some slight variation in the facts and pray for the same general relief. General and special demurrers were filed by defendants in error and others to each of said cross-bills and on a hearing were sustained, whereupon said cross-bills were dismissed for want of equity.

Plaintiffs in error rely upon the statement of our Supreme Court made in *Hollan v. Kepner,* 297 Ill. 332, and many other cases, that when it is necessary to bring all equities of all parties fully before the court in order that even and complete equity may be done as well in favor of the defendant as of the complainant, it becomes necessary to file a cross-bill. However, in

this case the provisions of section 6 of article 2 of the constitution and section 6 of the Banking Act, Cahill's St. ch. 16a, ¶ 6, fix a liability upon all stockholders of any bank in favor of its creditors. It is a liability imposed upon a stockholder not for his own debt but for the debts and liabilities of the bank. A special remedy is provided by our statute for the enforcement of such liability.

A cross-bill is a mode of defense. *Roby v. South Park Com'rs,* 252 Ill. 575. It is no defense to a stockholder's liability that he or she was induced by fraud to enter into the organization and stock subscription of any bank or that because fraud was used in inducing them to purchase stock they have a cause of action against the parties guilty of such fraud. If the issues presented by these cross complainants were permitted in an action to enforce stockholders' liability it would impede, obstruct and defeat the very purpose of section 6 of the constitution and the act of the legislature.

We think the court properly dismissed the cross-bills for want of equity. There is in this case a serious question as to whether defendants in error have proven the material allegations of their bill by competent legal evidence. In *American Nat. Bank of Mt. Carmel v. Holsen,* 331 Ill. 622, in a similar action, the court said on page 627, "The two facts essential to sustain the decree are that the plaintiffs in error were creditors of the State Bank, and that the defendants in error were stockholders." Competent evidence was submitted by producing records of the bank to show who were stockholders. The only evidence offered to sustain the allegation that defendants in error were creditors of the bank was an inventory prepared under the supervision of the receiver disclosing among other facts a list of the depositors of the Illinois Bank and Trust Company. This exhibit was admitted over

the objection of the plaintiffs in error. ''Inventories are competent evidence against the party making them but they are not evidence against any other person.'' *Monroe v. Becker*, 283 Ill. 42. We know of no rule of evidence which is authority for saying that the proof offered and admitted in this case over objection is competent legal evidence and of the character required by our courts to prove the material and essential fact, that defendants in error were creditors of the Illinois Bank and Trust Company, at the time of the filing of the bill, even though it is conceded that the bank was insolvent and its affairs in the hands of a receiver.

For the reason assigned the decree is reversed and the cause remanded to the circuit court of Franklin county.

*Reversed and remanded.*