## RECONSTRUCTION FINANCE CORPORA-TION v. CENTRAL REPUBLIC TRUST CO. et al.

## MINER v. RECONSTRUCTION FINANCE CORPORATION.

### No. 7817.

Circuit Court of Appeals, Seventh Circuit.

May 18, 1942.

Gordon M. Leonard, of Chicago, Ill. (Leonard & Leonard, of Chicago, Ill., of counsel), for appellant.

Wm. S. Allen, M. O. Hoel, and Lee Walker, all of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

The questions here presented arose out of a suit by the Reconstruction Finance Corporation, on behalf of all the creditors of the Central Republic Trust Company, against the stockholders of that trust company, to enforce the liability said to be imposed by the Illinois Constitution.

In that action appellant Miner filed a claim in the District Court on February 21, 1938. He therein alleged that he was a creditor of the Central Republic Trust Company by reason of certain breaches of trust of the Central Trust Company, a predecessor corporation. This phase of the case was referred to a master who heard the evidence as to the nature and extent of the breaches of trust, upon which asserted damages amounted to $229,409.52. The master ruled that the claimant was restricted to the sum of $25,000 because the amount of the claim was limited by certain orders entered in the Circuit Court

of Cook County. The District Court overruled appellant's objections to the master's report, and entered a decree in accordance with its recommendations.

The facts supported by substantial evidence are as follows: On January 18, 1927, Julia A. Miner, a resident of Lincoln, Nebraska, died testate, possessed of property in Illinois, Nebraska and Washington. On October 19, 1927, an exemplified copy of her will was probated in the Probate Court of Cook County, Illinois, and the Central Trust Company of Illinois was by that court appointed administrator with the will annexed. The estate was finally settled and closed by that court, and the Central Trust Company was discharged as such administrator on April 3, 1929. By her will the testatrix, after payment of certain specific bequests, devised and bequeathed her residuary estate to Central Trust Company of Illinois, as trustee for the purposes set forth in her will. It began administration of the trust on April 30, 1927, under the jurisdiction of the Cook County Circuit Court of Illinois, but was subsequently succeeded as trustee by Central Republic Trust Company of Illinois, due to consolidation proceedings and change of name of the old company.

On April 3, 1933, the Central Republic Trust Company filed in the Circuit Court of Cook County, Illinois, a bill of complaint asking that a successor trustee to itself be named, its own resignation accepted, and its accounts passed upon and approved. On November 10, 1933, that court accepted the resignation, appointed appellant as successor trustee, and reserved jurisdiction for settlement of the accounts of the Trust Company as trustee. In that action appellant also filed a crossbill against the Trust Company alleging the same breaches of trust as are involved in his instant claim. A final decree was entered in that suit by the Cook County Circuit Court on August 18, 1939, while appellant's claim was pending in the case at bar. That decree recites that Miner, the successor trustee, had objected to certain actions and failure to act on the part of the trustee bank. It contains the following language:

"Said action and failures to act, and particularly the refusal of said Trustee to accept certain offers to purchase the so-called Ainslie Street property, were breaches of trust on the part of said Trustee, and, after the allowance of all proper credits, charges and offsets to said Trustee, resulted in a net loss to said trust estate in the sum of $25,000, with which said sum the accounts of said Trustee should be charged. * * * Except for the breaches of trust in said cross-bill and objections more particularly described, the actions of said Central Republic Trust Company and of its corporate predecessor, as Trustee, and its failures to act, were in every way proper and justified, and objections numbered 1, 2, 14 and 18, in part, should be overruled. Said Trustee and said receivers, except as in this paragraph more particularly found, are under no liability to said trust estate or to any of the beneficiaries thereof or to any successor trustee heretofore or hereafter appointed for any of their acts and doings as Trustee or as receiver, respectively, or in their individual capacities or for any failure to act whatsoever."

It was ordered in that decree that the accounts of the Central Republic Trust Company as trustee be charged with the sum of $25,000, for which Miner, as successor trustee, for and on behalf of the trust estate and the beneficiaries thereof, had a claim against Central Republic Trust Company on account of the breaches of trust above referred to, and that Miner, trustee, should forthwith file a claim for that sum in the suit then pending in the Circuit Court of Cook County for the liquidation of Central Republic Trust Company by the State of Illinois ex rel. that State's auditor. It was further decreed that except so far as it was inconsistent with the claim and charge, above referred to, the account of the Central Republic Trust Company, as trustee, was approved and "except for the claim and charge hereinabove decreed, said Central Republic Trust Company and its corporate predecessors, as Trustees as aforesaid, and individually, * * * are under no liability to said trust estate or to any of the beneficiaries thereof or to any Successor Trustee heretofore or hereafter appointed for any of their acts and doings as Trustee * * * or in their individual capacities or for any failure to act whatsoever."

Thereafter in the liquidation suit then pending, an order was entered on April 13, 1940, allowing the claim in the amount of $25,000. That order contains the finding that appellant agreed in connection with the prior decree that the allowance of his claim should be a full and complete re-

lease of all claims and rights of the successor trustee against the bank, and also that the claimant had the right to prosecute his claim in the case at bar against the stockholders and that the fixing of the claim in the amount of $25,000 should not be deemed an adjudication of the extent of damages suffered by the trust estate.

The master's report in the case at bar found that Miner, individually and as successor trustee under the Miner will, was a creditor of the Central Republic Trust Company, and that the amount due him was $25,000. The decree followed and approved the master's report, and from this decree the appeal is prosecuted. The error relied upon is that the court erred in holding that the state circuit court orders were res adjudicata as to the amount of recovery in the instant case. The master in his report to the District Court fully covered the questions here presented, and we think his conclusions are fully supported by the authorities which he cites in support of them. In the interest of brevity we shall follow them.

The allowance of the claim in the state court proceedings is conclusive against the stockholders as to the existence, the validity and amount of the claim. Stockholders are bound by judgments and decrees against a corporation. Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Selig v. Hamilton, 234 U.S. 652, 34 S.Ct. 926, 58 L.Ed. 1518, Ann.Cas. 1917A, 104; Singer v. Hutchinson, 183 Ill. 606, 56 N.E. 388, 75 Am.St.Rep. 133. Such a corporation is likewise bound by judgments or decrees against its receiver, Hale v. Hardon, 1 Cir., 95 F. 747, whether entered in plenary or in receivership proceedings. People v. Farmers & Merchants Bank, 281 Ill.App. 354; Covell v. Fowler, C.C., 144 F. 535.

The master was of the opinion that appellant's recovery against the stockholders must be limited to $25,000 by virtue of the state court's decrees which were the results of agreements by the parties to those suits. He held that these consent decrees had the force and effect of contracts and were valid and binding on the parties as fully as a judgment on the merits. O'Cedar Corp. v. F. W. Woolworth Co., 7 Cir., 66 F.2d 363; The Fair v. City of Chicago, 135 Ill.App. 258. In this respect appellant contended that any omission to reserve rights against the stockholders in the decree of August 18, 1939, was cured by the decree of August 13, 1940. The master thought that this contention was immaterial, since both decrees released the bank from all liability over and above the $25,000, and that such release of the bank also released the stockholders from all damages above that amount, regardless of the attempted reservation of the right to recover a greater amount from the stockholders.

We agree that these conclusions of the master are sound and they are supported by the following authorities cited by him to the effect that the liability of the stockholders of the bank to third persons is that of partners, Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273; Schalucky v. Field, 124 Ill. 617, 16 N.E. 904, 7 Am.St.Rep. 399; Babka Plastering Co. v. City State Bank of Chicago, 264 Ill. App. 142; and to the effect that a release of one person releases the other in spite of any attempted reservation of rights against the other partners. Rice and Wiley v. Webster, 18 Ill. 331; Benjamin v. McConnel, 4 Gilman 536, 9 Ill. 536, 46 Am. Dec. 474. It is contended by appellant, however, that the last two cases cited were overruled by Parmelee v. Lawrence, 44 Ill. 405. We think there is no merit in this contention.

The master further noted that both state court decrees declared that except for the $25,000 charge, the accounts of the trustee were approved, and this fact of course was conclusive as to the extent of the liability of the trustee. In this respect the master said: "Before claimant may recover against the stockholders, he must prove himself to be a creditor of the bank. American National Bank v. Holsen, 331 Ill. 622 [163 N.E. 448]; Willson v. Labhart, 269 Ill.App. 93; Mundell v. Cravens, 267 Ill.App. 447. Since any recovery against the stockholders must be predicated on a wrong committed by the bank, and since it has been conclusively adjudicated by approval of the trustee's accounts that beyond the allowed damages of $25,000 no wrong was committed, it must follow that there is no cause of action against the stockholders for damages other than for the $25,000 charge."

We think the decree of the District Court which approved the conclusions of the master is in full accord with the decisions of the highest courts in Illinois.

The decree is

Affirmed.