EDNA GOLDSTEIN *v.* EZRA GILBERT

(CC 652)

Submitted September 29, 1942. Decided December 15, 1942.

*Sayre & Bowers,* for plaintiff.

*File, Scherer & File* and *Richardson & Kemper,* for defendant.

KENNA, JUDGE:

In this action of trespass on the case to recover for damages resulting from a personal injury, the Circuit

Court of Raleigh County overruled a demurrer to a special plea in bar, and certified to this Court the legal questions thus raised, being whether the law of the Commonwealth of Virginia, where the accident which created the right of action occurred, is controlling or whether the law of this State, where the action was brought, is determinative, and if the law of Virginia is controlling, whether that law required the demurrer to be overruled or sustained.

According to the allegations of the declaration, on October 1, 1940, Edna Goldstein, the plaintiff, was seriously injured in an automobile collision which occurred in Rockingham County, Virginia, on U. S. Route Eleven between Winchester and Harrisonburg, the automobile in which she was riding as a guest passenger being that of Ezra Gilbert, the defendant, driven by him, and the other automobile being driven by Ward G. McClintock, a resident of the State of New York.

On June 30, 1941, the plaintiff and her husband received from McClintock in settlement the sum of forty-five hundred dollars and executed what is referred to as a "covenant not to sue" expressly reserving whatever right they had to recover against any other person for the collision out of which grew their claim against McClintock.

At July Rules, 1941, the declaration of Edna Goldstein· was filed, and on February 16, 1942, the defendant filed a special plea, the demurrer to which was later overruled, followed by certification.

Before dealing with the certified questions, we wish to say that an examination of the defendant's special plea discloses that it does not allege sufficient facts to show that the defendant and McClintock, who had been released, were joint tort-feasors, the collision of whose cars gave rise to plaintiff's right of action, unless the covenant not to sue executed by the plaintiff and containing descriptive recitals of the act, the time and place of occurrence, offered as an exhibit with the plea, can be referred to to supply those averments. Since it is a well settled principle on the law side that an exhibit cannot be used, save in instances where they are specifically provided for

by statute, we are of the opinion that the special plea in bar should be amended to conform to our practice.

The sixteen questions certified, we believe, finally resolve themselves into but one major question of law, which, since the law of Virginia, as we understand it, is that the release of a joint tort-feasor operates to prevent a recovery against any other tort-feasors who were participants in the same alleged breach of duty, whereas that of West Virginia, controlled by statute, is to the effect that it does not, determines the effect of the plaintiff's covenant not to sue. If the covenant not to sue is held to affect the remedy alone, then the law of the forum, or West Virginia, controls. If it operates upon the right of action, then the law of the state under which it arose, or Virginia, controls.

We think it is well settled that the plaintiff's right of substantive recovery is the law, both prospective and retroactive, of the sovereignty of the place that the accident took place. Its birth and continued existence depend upon that law, and, if that be true, it would seem to follow logically that the legal effect of any conduct which might or might not terminate that existence would necessarily be weighed in accordance with the same law.

The only analogous case that we have been able to locate is the Wisconsin case of *Buckeye* v. *Buckeye*, 203 Wis. 248, 234 N. W. 342, 343. The plaintiff had been injured in the State of Illinois while riding as a guest passenger in the defendant's automobile. Both she and he were residents of Wisconsin, with the consequence that the action was brought in Milwaukee County. After it was instituted, the plaintiff married the defendant. The State of Illinois adhered to the common law principle that upon marriage, the wife's legal identity merged with, or was lost to, that of the husband, and that all causes of action by one against the other were thereby extinguished. In Wisconsin this rule was not recognized and under their law the right of recovery was not affected. The Supreme Court of Wisconsin sustained the defendant's contention that the liability to pay damages may be discharged by the law of the state which created it, in that instance, the

State of Illinois, and that consequently, although the marriage took place after the accident and the accrual of liability, it affected a substantive right, the continued existence of which also depended upon the Illinois law.

In stating the reason for its conclusion the court had this to say: "If, as seems clear, the law of Illinois is to govern, both as to the creation and extent of defendant's liability, and if the liability so created is subject to discharge or modification by the law of Illinois, we see no escape from the conclusion that plaintiff's cause of action has been wholly extinguished by her marriage." See also, Minor on Conflict of Laws, 485, and 2 Beale on Conflict of Laws, 1303.

We therefore hold that the law of Virginia determines the effect of the defendant's special plea in bar.

But the question remains as to whether a covenant not to sue is to be treated under the Virginia rule as having the effect of a release. The effect of a release is to do away with all right of recovery everywhere, under all law. It is not simply the abandonment of the means of recovery, or the remedy. If that were not so its operation would be largely restricted to the state of its execution. An agreement not to sue in debt could not be set up in bar to an action in assumpsit. Plainly, a release could be, and we, therefore, believe that a release goes to the right of recovery and is not confined to procedure or to the remedy. There is no question but that under most of the cases involving the distinction, the difference has been upheld with the result that while its practical effect is to bar the signer's right of recovery, it can still be said that the contract itself relates only to the remedy. However, we feel that this Court should be guided in determining a legal question arising under the law of the Commonwealth of Virginia, by what can be learned concerning the holdings of the Supreme Court of that state, and since that court, by an order entered on the twenty-second day of February, 1940, refused to grant a writ of error to the judgment of the Circuit Court of Shenandoah County in the action of *Frances Zirkle White* v. *B. F. White*, the order of refusal finding the judgment of the trial court

"plainly right" and reciting its effect to be an affirmance, we follow the rule thus indicated. In the *White* case the Circuit Court had held, under a plea in bar like that filed here, that a paper containing the same provisions and reservations as the paper appearing with the special plea here, constituted a release of the right of action and, under the Virginia law, barred an action against a joint tortfeasor. We, therefore, feel that it should be so treated in this matter.

Having concluded that the law of the Commonwealth of Virginia controls both the effect to be given the paper executed by the plaintiff and its construction, the certified questions are accordingly answered and the holding of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*