**BRYAN et al. v. CREAVES.**

No. 8260.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1943.

Francis Heisler, Stanley F. Evans, and J. J. Gordon, all of Chicago, Ill., for appellants.

Milton G. Manasse, of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Our question here is as to the correctness of the District Court's dismissal of plaintiffs' action upon defendant's motion for summary judgment. Plaintiffs charged defendant as one of several joint tortfeasors, and the propriety of the District

Court's action depends upon whether two agreements made by them with certain others of the joint tort-feasors amounted in law to a satisfaction and release of the tort, thereby discharging not only those expressly released but also defendant, as one jointly liable, or whether the contracts constituted simply a covenant not to sue and effectually preserved plaintiffs' claim against defendant.

Plaintiffs brought an earlier action against certain of the joint tort-feasors in Indiana. Subsequent to judgment therein finding defendants guilty of fraud and directing them to account for property held in trust for plaintiffs and wrongfully converted by defendants on April 16, 1942, the parties entered into an agreement in open court, which recited that they were "desirous of composing and compromising their differences" and that the contract should constitute "a full settlement of claims between the parties hereto, accruing up to this date." It was agreed that defendants would surrender certain property; that the parties would "not sue each other * * * on any claims accruing up to this date," but that "the right to continue such action to judgment against A. A. Creaves shall remain unimpaired"; that "all claims of first parties against Oxford Institute or Oxford Institute Bonus Account or the trustees thereof and all claims of Oxford Institute or Oxford Institute Bonus Account or the trustees thereof against first parties, occurring up to this date, are merged in this agreement"; that plaintiffs "release any and all claims to any livestock, chattels or other personal properties of the third parties or of Production Credit Corporation of Rushville, Indiana, and any claim of any interest in any assets of National Funding Corporation or Oxford Institute or third parties" and that "plaintiffs shall protect, by appropriate agreements, Damon Smith, Edith Smith, Joseph Smith, Oxford Institute, and National Funding Corporation from any and all liability to first parties."

This was followed by a second pact on April 29, 1942, in which the first was referred to as "an agreement completely compromising and disposing of all differences between the parties hereto, * * * made in open court," and in which it was stated that "said * * * agreement contemplated the exchange of mutual covenants not to sue * * *, and the ex-change of such assurances that the controversy between the parties had been finally terminated." Again the parties agreed that they would not sue each other but that this provision should not be taken as a discharge of any right of action in plaintiffs against Creaves.

The trial court construed the contracts as a release of the joint tort-feasors sued in Indianapolis and, as a result, held defendant, being jointly liable with those released, discharged and the claim against him satisfied.

This court recently had occasion to consider the governing Illinois authorities in Reconstruction Finance Co. v. Central Republic T. Co., 7 Cir., 128 F.2d 242, 244. There plaintiff settled its controversy with a bank but attempted to reserve its cause of action against the stockholders. "We agree that these conclusions of the master * * * are supported by the following authorities cited by him to the effect * * * that a release of one person releases the other in spite of any attempted reservation of rights against the other partners. Rice and Wiley v. Webster, 18 Ill. 331; Benjamin v. McConnel, 4 Gilman 536, 9 Ill. 536, 46 Am.Dec. 474. It is contended by appellant, however, that the last two cases cited were overruled by Parmelee v. Lawrence, 44 Ill. 405. We think there is no merit in this contention."

In the somewhat earlier case, Aiken v. Insull, 7 Cir., 122 F.2d 746, 751, we examined specifically the liability of joint tort-feasors in Illinois. The contract there provided "that nothing contained in the agreement of settlement and compromise" should be construed to operate as a release of any claim against any other party. Judge Kerner, speaking for the court, referred to Parmelee v. Lawrence, 44 Ill. 405: "According to the Parmelee formula, if there is language in the release of a joint debtor manifesting an intent to preserve the releasor's rights against the other co-obligors, effect is given to this manifestation. Strange though it may seem, the Illinois courts have not seen fit to extend this wholesome and common-sense formula to the tort cases. We fail to see a good reason for drawing this distinction between joint tort-feasor cases and joint debtor cases, (compare Brown v. City of Cambridge, 3 Allen 474, 85 Mass. 474, 477,) but we must accept the limitation fixed by the Illinois courts." And, he added, "there can be no real controversy as to whether

the settlement and compromise agreement was a release to the banks or merely a covenant not to sue the banks. We are satisfied that in substance (actual intent) as well as in form (language employed), the instrument constituted a release."

In Petroyeanis v. Pirola, 205 Ill.App. 310, though the parties designated the agreement as one not to sue, the court construed it a release notwithstanding the language. There an injured party had obtained judgment against tort-feasors and, for a sum certain, had entered into an agreement with one of them covenanting not to sue him. This, the court held, a release of the entire cause of action.

Here, when the agreement was executed, the parties were desirous "of composing and compromising their differences"; in their own words, they agreed that their contract "should constitute a full settlement of differences and claims between the parties." We think the two instruments definitely disclose that it was the intention of the parties to compromise, settle fully and release the cause of action then merged in a judgment against the defendants then sued, and now again sued on, in so far as those defendants were concerned. This was a satisfaction,—not a covenant to refrain from suit. In substance and actual intent as well nigh in actual form the contracts constituted a release. Inasmuch as the legal liability the parties were then compromising and settling was that of joint tort-feasors, the attempted reservation of a cause of action against another of the joint tort-feasors was, under the Illinois law, as previously decided by this court, of no effect. It is not a question of whether the Illinois doctrine is preferable to the announcements of the Restatement for, as we said in Aiken v. Insull, supra, "our task is to apply the local law, not the Restatement."

Inasmuch as the instruments effectuated satisfaction of a demand for relief against joint tort-feasors and the release of some of those joint tort-feasors and did not amount to merely a covenant not to sue, they must be held to operate as a release of all. In such a situation the attempted reservation of the cause of action against any of the tort-feasors is ineffective. Petroyeanis v. Pirola, 205 Ill.App. 310; Wallner v. Chicago Traction Co., 245 Ill. 148, 91 N.E. 1053; City of Chicago v. Babcock, 143 Ill. 358, 32 N.E. 271; West Chicago Street Railroad Co. v. Piper, 165 Ill. 325, 46 N.E. 186; Ennis v. Pullman Palace-Car Co., 165 Ill. 161, 46 N.E. 439; Bee v. Cooper, 217 Cal. 96, 17 P.2d 740; Aiken v. Insull, 7 Cir., 122 F.2d 746; Reconstruction Finance Corporation v. Central Republic Trust Co., 7 Cir., 128 F. 2d 242.

The judgment is affirmed.