PREINE v. FREEMAN et al.
(two cases).
Nos. 1550, 1549.

United States District Court,
E. D. Virginia, Richmond Division.
May 8, 1953.

258

Cantor & McMullan, Richmond, Va., for plaintiffs.

White, Hamilton & Wyche, Petersburg, Va., for Maitland and Hite.

J. B. Browder, Richmond, Va., for Freeman.

STERLING HUTCHESON, Chief Judge.

These actions which are being heard together were brought by the plaintiffs, residents of the State of New York, against three defendants, who are residents of the State of Virginia. The allegations respecting negligence and the defenses offered by the pleadings are identical with one possible exception referred to later.

The pleadings disclose that while the plaintiffs were occupants of an automobile being operated in Chesterfield County, Virginia, by Mrs. Mary Lee Preine, the plaintiff in Civil Action #1549, and owned by her husband, Harry Preine, the plaintiff in Civil Action #1550, they were injured in a collision involving their automobile; a gasoline truck owned by the defendant D. L. Maitland and operated by the defendant Charles E. Hite, as agent for the owner; an automobile operated by the defendant Eulis S. Freeman; and a beer truck operated by Augustus W. Brooks and owned by Beer Distributors, Incorporated. The plaintiffs seek recovery for damages in each case against Maitland and Hite as owner and operator of the gasoline truck, and Freeman as owner of the automobile. Brooks, the operator, and Beer Distributors, Incorporated, the owner of the beer truck, are not parties to the actions.

The defendants have filed answers denying negligence and setting up as defenses releases executed by the plaintiffs to Brooks and Beer Distributors, Incorporated, contending that the release of those parties operates as a release of the defendants as joint tort feasors.

The defendant Freeman filed a request for admissions addressed to the plaintiffs to admit the genuineness of the releases attached thereto, which appear to be documents executed by the plaintiffs for valuable considerations releasing Brooks and Beer Distributors, Incorporated, from any and all further liability for injuries received by the plaintiffs in the collision. The documents provide that they are intended to release only Brooks and Beer Distributors and expressly reserve to the plaintiffs all rights they had against any other persons responsible for injuries received at the time. The plaintiffs have filed no responses to the request for admissions within the time provided by the rule and the releases are therefore admitted to be genuine.

All three defendants have filed motions for summary judgments on the ground that the pleadings show that releases have been executed to two of the five alleged joint tort feasors and as a matter of law the remaining three alleged joint tort feasors, the defendants herein, are released from any liability to the plaintiffs for injuries received by them.

The only possible difference between the two actions so far as the present motions are concerned is the fact that in the case of Mrs. Preine the settlement made with Brooks and Beer Distributors, Incorporated, was negotiated in New York and the release executed in New York, while in the case of Mr. Preine the settlement was negotiated in New York but the release was executed in Colorado.

It is the contention of the defendants that since the causes of action arose in Virginia and the suits were instituted there, the rights of the parties are controlled by the

law of Virginia. The plaintiffs contend that since the settlements with Brooks and Beer Distributors were negotiated in New York the effect of the releases must be interpreted in accordance with the New York law.

■ It seems clear that under the law of Virginia the release of one tort feasor operates to release all joint tort feasors. This is true even though the release may specifically reserve all rights of action by the plaintiff against those joint tort feasors not parties to the release. Shortt v. Hudson Supply and Equipment Company, 191 Va. 306, 60 S.E.2d 900. It is my understanding that counsel for the plaintiff concede the correctness of this statement.

■ Under the New York law the release of one joint tort feasor for consideration with a reservation of rights against the other joint tort feasors is considered a covenant not to sue the tort feasor so released and does not operate to release the remaining joint tort feasors, but in an action against the latter there is presented a question of fact as to whether the amount received by the plaintiff in the settlement is payment in full for his injuries. If the facts disclose that the amount so received compensates the injured party fully for his injuries there can be no further recovery, but if the amount received does not fully compensate him he may recover against the remaining joint tort feasors for full damages, the amount of the settlement being credited against the amount of the judgment. New York Debtor and Creditor Law, Sections 231, 232, 233 and 234; Gilbert v. Finch, 173 N.Y. 455, 66 N.E. 133, 61 L.R.A. 807.

It follows that the crucial question here presented is whether the rights of the plaintiffs against the defendants in these actions as affected by the releases are to be determined under the New York law or the law of Virginia.

No case directly in point decided by the Virginia Court has been cited by counsel but a number of cases from other jurisdictions have been brought to my attention.

In Lindsay v. Chicago, B. & Q. R. Co., 7 Cir., 226 F. 23, 26, the cause of action arose in Colorado. A release was executed in Pennsylvania, in which state such release is considered against public policy and unenforceable. In determining whether the Colorado law or the law of Pennsylvania governs, the Court said:

"Its validity as a defense in an action in tort is governed by the law of the place of injury."

In Smith v. Atchison, T. & S. F. Ry. Company, 8 Cir., 194 F. 79, 81, the plaintiff had been given a railroad pass in Kansas, which contained a provision that in case of injury the railroad was not liable for negligence. The action was for injuries received by the plaintiff while riding on the pass in Oklahoma. The railroad denied liability for negligence, asserting as a defense the provisions contained in the pass. The plaintiff contended that the law of Kansas where such provision was void was applicable. The defendant relied upon the Oklahoma law under which the provision was valid. The Court said:

"In such cases the law of the place where the injury occurs defines the rights of the parties."

In Goldstein v. Gilbert, 125 W.Va. 250, 23 S.E.2d 606, 608, the West Virginia court had before it a case involving an automobile accident which occurred in Virginia, in which a release had been given to one of the joint tort feasors by the plaintiff. In a suit brought in West Virginia to recover damages against the defendant who was not a party to the release, the contention was made that the release given the joint tort feasor operated to relieve the defendant of liability. The plaintiff contended that the action being brought in West Virginia, where the release of one joint tort feasor does not operate as a release of the others, the West Virginia law should be applied and consequently his action was not barred by the execution of the release. The release contained a reservation of rights against the joint tort feasors similar to the one in the instant case. The record does not disclose the place where the release was executed. In deciding that the rights of the parties were controlled by the Virginia law, the Court used the following language:

"We think it is well settled that the plaintiff's right of substantive recovery is the law, both prospective and retroactive, of the sovereignty of the place that the accident took place. Its birth and continued existence depend upon that law, and, if that be true, it would seem to follow logically that the legal effect of any conduct which might or might not terminate that existence would necessarily be weighed in accordance with the same law."

And again, 23 S.E.2d at page 608, the Court said:

"But the question remains as to whether a covenant not to sue is to be treated under the Virginia rule as having the effect of a release. The effect of a release is to do away with all right of recovery everywhere, under all law. It is not simply the abandonment of the means of recovery, or the remedy. If that were not so its operation would be largely restricted to the state of its execution. An agreement not to sue in debt could not be set up in bar to an action in assumpsit. Plainly a release could be, and we, therefore, believe that a release goes to the right of recovery and is not confined to procedure or to the remedy."

76 C.J.S., Release, § 39, at page 672, in dealing with releases, says:

"The construction and validity of a release are governed by the law of the place where it is executed, as are the questions whether a release is to be regarded as a sealed or unsealed instrument, and the effect of the presence or absence of a seal; *but the validity * * * as a defense in an action in tort is governed by the law of the place of injury.* The effect of a release is properly determined by the law controlling the discharge of the obligation sought to be released." (Italics supplied.)

See also Greenwald v. Kaster, 86 Pa. 45; Bryan v. Creaves, 7 Cir., 138 F.2d 377, and Petty v. Freeman, unreported opinion of Judge J. G. Jefferson, Jr., in the Circuit Court of Amelia County, Virginia, dated April 15, 1953.

Counsel for the plaintiffs rely on the Wisconsin case of Buckeye v. Buckeye, 203 Wis. 248, 234 N.W. 342. In that case the plaintiff, who was the wife of the defendant, brought suit in Wisconsin on a cause of action arising in Illinois. Under the Illinois law their marriage subsequent to the time the cause of action arose terminated such action but there was no such termination under the Wisconsin law. The Wisconsin Court applied the law of Illinois.

The plaintiffs also cite the case of The Adour, D.C., 21 F.2d 858, 861, from the District Court of Maryland. The plaintiff was injured in New York as the result of negligence of two joint tort feasors and brought suit against one in New York. A compromise was reached in that case and a release executed to the defendant, reserving to the plaintiff rights against the other tort feasor. Thereupon, the plaintiff sued the other tort feasor in Maryland. The defendant in the last mentioned case, who was not a party to the release executed in New York, contended that under Maryland law the release exonerated him from liability. The Court said:

" * * *. We find that the release was executed in New York. Therefore the law of New York must govern."

When it is recalled that not only was the release executed in New York but the cause of action arose in that state it is clear that the conclusion is not contrary to the cases heretofore discussed.

It is my conclusion that since the cause of action arose in Virginia and the suits were instituted in Virginia, the laws of that state which gave the plaintiff the cause of action also control in determining the effect of the releases. The fact that the release in Civil Action #1550 was actually executed in Colorado is immaterial since the law of the state giving the plaintiffs the right to sue determines the effect of the release.

The motions for summary judgments filed by the defendants will be granted.

It is suggested that counsel for the defendants prepare and, after endorsement by counsel for the plaintiffs, present an order in each case granting such motions.