JACOB E. RICE, impleaded with ALDRICH C. WILEY, Plaintiff in Error, *v.* FRANCIS B. WEBSTER *et al.*, Defendants in Error.

ERROR TO PEORIA.

If one of two joint debtors is released by his creditor, the effect of the release will be to discharge both.

A release of one of two joint debtors, with a reservation of the right to proceed against the other, will be a discharge of both.

A proviso to a contract which is incompatible with or repugnant to the contract, is void.

A. stipulated with B., who with C. was his joint debtor, for a consideration, to release him from all liability under legal process, so far as A. legally might, without discharging C., and expressly reserving all claim and recourse against C.: *Held*, That such a condition is repugnant to the contract, and void, and that B. and C. are both released.

THIS was an action in assumpsit for goods, wares and merchandise.

The plaintiff here, defendant below, interposed the following plea:

And the said defendant, Rice, comes and defends the wrong and injury when, etc., and says, *actio non*, because he says that, after the making of the said promises, in said declaration mentioned, the said plaintiffs, by J. B. Webster, their attorney, in that behalf, duly authorized, executed their certain release, under their hands and seals (with other persons therein named), which release is now to the court here shown, in the words and figures following:

To ALL TO WHOM THESE PRESENTS SHALL COME: We, who have hereunto set our hands and seals, creditors of A. C. Wiley and Jacob E. Rice, now or late of Galesburgh, in the State of Illinois, traders and late partners under the firm of Wiley & Rice, etc., greeting:

WHEREAS, The said Wiley has conveyed to Henry Carter and John B. Fenno, a farm situated in Edgar county, in the State of Illinois, containing three hundred and twenty-five acres, for the benefit of two creditors of said firm, and to be sold, and the proceeds distributed ratably among said creditors, without preference.

Now, in consideration of the premises, do hereby severally, and not jointly, covenant with said Wiley, that we will not, at any time hereafter, arrest, attach, seize, take or levy upon the property or body of the said Wiley, by reason of any claim we now have against said firm of Wiley & Rice, or any process which may issue thereon; and we do hereby release and discharge the said Wiley therefrom, as far as we may legally discharge the same, without discharging the said Rice. We expressly reserve our claim against the said Rice for all such demands, except so far as the same shall be satisfied from the proceeds of said farm, this agreement and release being on the express condition that the said Wiley shall make a good title to the said farm to them, said Carter and Fenno, in fee simple, free and clear of all right to dower and incumbrance. IN WITNESS WHEREOF, we have hereunto set our hands, this 13th of May, A. D. 1856.

(Signed)          WEBSTER, BUTTON & CALL, [SEAL].

By J. B. WEBSTER [SEAL].

Whereby the said plaintiffs released the said Rice from his liability on the said promises; and the said defendant, Rice, avers that the said Wiley did make a good title to the said farm therein mentioned in said release to said Carter & Fenno, free and clear of all right to dower and incumbrance; and this said Rice is ready to verify, wherefore he prays judgment, etc.

To this plea there was a general demurrer and joinder. The demurrer was sustained. Defendant abiding by demurrer, and not answering further, a judgment was given for plaintiffs in the sum of seven hundred and three dollars and twenty-nine cents, with costs, against Rice, and *scire facias* against Wiley.

The cause was tried before Davis, Judge, at March term, 1857, of the Peoria Circuit Court.

Manning and Merriman, for Plaintiff in Error.

C. C. Bonney, for Defendants in Error.

Caton, J. The only controverted question in this case is, whether the contract set out in the plea to which the demurrer was sustained is, in law, a release of Wiley, one of the joint promissors and a defendant in the action, for it is not controverted that, if Wiley was released, then was Rice also released.

The intention of the parties was to release Wiley, and we think that intention was effected. The covenantors "covenant with said Wiley that we will not, at any time hereafter, arrest, attach, seize, take or levy upon the property or body of the said Wiley, by reason of any claim we now have against said Wiley and Rice, or any process which may issue thereon; and we do hereby release and discharge the said Wiley therefrom, so far as we may legally discharge the same without discharging the said Rice. We expressly reserve our claim against said Rice for all such demands, except so far as the same shall be satisfied from the proceeds of said farm." Here is a manifest attempt to discharge absolutely one of the parties, and to retain the legal obligation against the other. This the law will allow no ingenuity of language to effect. This paper is a nullity, or it must be made effectual. It is either a release of both, or it is of no benefit to either. It is founded upon a legal consideration, moving from one of the parties, which has the same legal effect as if it had moved from the other party, or both parties jointly. It releases Wiley forever from all process arising upon these joint demands, and then undertakes to impose the condition, or to make the release depend upon the condition that Rice should not be thereby released. To give effect to this condition would be to destroy the release

itself, even as to Wiley. The condition, therefore, is repugnant to the previous covenant, and must destroy it, or be destroyed by it. When that is the case, the rule of law is well settled, that the condition must give way that the covenant may stand. The legal effect of this instrument is substantially the same of that in the case of *Benjamin* v. *McConnel*, 4 Gilm. R. 536. To the release in that case was appended this condition: "*Provided*, That this shall not operate so as to release C. Benjamin from a note given by him under the firm of C. Benjamin & Co., on the 4th day of December, 1839, which last mentioned note is not canceled, or is the said Delahay bound therefor." Here, too, was a condition appended which, if given effect, would have destroyed the release and rendered the whole instrument a nullity. The court there said: "A proviso in a contract totally repugnant to the contract itself is void." And cites 5 Bac. Abr. 702 G., for the following: "If two are bound in an obligation, and the obligor releases one of them, with a proviso that the other shall not take advantage of it, this proviso is void." But it is unnecessary to multiply authorities upon a proposition which is nowhere controverted. Here is a clear case where the proviso must be disregarded, or the covenant destroyed, and the whole instrument held a nullity. The condition must be disregarded and effect given to the body of the instrument. No doubt it was the intention of the parties to release one and not the other, but this the law will not allow, but will defeat such illegal intention.

The demurrer was improperly sustained to the plea, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*