Joseph F. Nickerson, Appellee, v. E. M. Suplee, Harry McRoy and Harry C. Maley, Appellants.

## Gen. No. 17,396.

1. RELEASE—*of one joint debtor.* A release of one joint debtor, wherein the creditor reserves his right against the others, is construed as a covenant not to sue.

2. JUDGMENTS—*motion for order of satisfaction.* The only proper issue that may be raised on motion for an order of satisfaction of a judgment is whether the judgment has been satisfied.

3. COVENANTS—*what agreement is covenant not to sue.* An agreement not to sue certain debtors, but not to discharge them from demands on a certain judgment, and to release only such debtors from all rights of action, etc., thereon and that the agreement is to be construed as a covenant not to sue such debtors to release another debtor from liability thereon, and that in three years the creditor will discharge of record such specified judgment as to said debtors so released, will be construed merely as a covenant not to sue such debtors.

4. JUDGMENTS—*when motion for order of satisfaction properly denied.* Motion for an order of satisfaction of a judgment is properly denied where the only evidence of satisfaction is an agreement that is construed merely as a covenant not to sue two of the debtors thereon.

Nickerson v. Suplee et al., 174 Ill. App. 136.

Appeal from the Superior Court of Cook county; the Hon. Joseph H. Fitch, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1911.    Affirmed.    Opinion filed October 22, 1912.    *Certiorari* denied by Supreme Court (making opinion final).

George C. Otto, for appellants.

Lackner, Butz & Miller, for appellee.

Mr. Justice Barnes delivered the opinion of the court.

This is an appeal from a denial of a motion made by appellants November 22, 1910, for the entry of an order of satisfaction in full of a judgment for $3,553.25, rendered against them December 31, 1903, in favor of appellee.

The motion was based upon an agreement entered into about March 5, 1904, between appellee and two of the appellants, McRoy and Maley.    The execution and delivery of the agreement is not denied by appellee, and only issues of law arise, first, as to the legal effect of the agreement, and, second, whether the relief sought could be granted on said motion.

The agreement is in three paragraphs, which, for convenience, will be numbered.    The consideration expressed was the transfer to appellee, Nickerson, of ninety-two shares of stock (value not stated), in the Merchants Record Company, and the resignation of McRoy as a director of said company.    In said agreement, said Nickerson agrees as follows:

1.    "That * * * I do hereby release and discharge the said Harry McRoy and Harry C. Maley from all rights of action, claims and demands which I have against them on two certain judgments and certain judgment notes" (specifying them and including the judgment in question and the judgment note, signed by all appellants, on which it was rendered).

2.    "It is understood, however, that it is intended by this agreement to release and discharge only the said Harry McRoy and Harry C. Maley from any

claims, rights of action or demands which I have against them on said notes and judgments, and that this agreement shall be considered as a covenant not to sue said Harry McRoy and Harry C. Maley thereon. But it is further expressly understood and agreed that nothing herein contained is intended to release or shall in any way be construed as releasing the said E. M. Suplee from that one of the aforementioned notes signed by him, or from the judgment rendered thereon, or from any liability under said note or said judgment, and it is understood and agreed that said last mentioned note and said last mentioned judgment shall remain in full force and effect as against said E. M. Suplee. And I further agree that if said Suplee shall pay the sum of fifteen hundred dollars on said judgment within two years from this date, I will release said judgment against him also."

3. "I further agree that I will, within three years from this date, release and discharge of record, so far as the said Harry McRoy and Harry C. Maley are concerned, the judgment heretofore entered against said Harry McRoy, Harry C. Maley and E. M. Suplee on the 31st day of December, 1903."

Appellants admit that if the agreement stopped at the end of the second paragraph, it would be construed merely as a covenant not to sue McRoy and Maley, but contend that the third paragraph, taken in connection with the last provision of the second, constitutes a covenant that by a certain time, the judgment shall in any event be released and discharged of record. It is urged that otherwise it has no meaning, and to render it operative the court should apply the familiar rule that the court will look to the entire instrument and, if possible, give it such construction that each clause shall have some effect and perform some office, and adopt such construction, if it can *consistently* and *reasonably* be done, as will render the whole contract operative. Hayes v. O'Brien, 149 Ill. 403. It is urged that the agreement being complete as a covenant not

to sue without the third paragraph, to give such paragraph effect it should be construed as a covenant to release and discharge after the lapse of three years.

Releases of one joint debtor, wherein the creditor reserves his right against the others, have generally been construed as covenants not to sue, in order to effectuate the intention of the parties. Vol. 34, Cyc. 1085. That rule of construction is followed in this state. Parmelee v. Lawrence, 44 Ill. 405; Mueller v. Dobschuetz, 89 Ill. 176; Dupee v. Blake, 148 Ill. 453.

Analyzing the entire agreement with both rules in mind we find in the second paragraph not only an express provision that the agreement is to be construed as a covenant not to sue, but also that *nothing in it* is intended or shall be construed as releasing Suplee from said judgment; and such intention is also manifest in the third paragraph wherein it expressly limits the agreement for a release and discharge to McRoy and Maley, and thus is consistent with the other parts of the agreement in the expression of an intention not to release Suplee at any time unless he paid $1,500. To construe the third paragraph as a covenant to release and discharge of record at the end of three years just to give it some meaning under the first rule invoked, would require us to ignore the second rule which makes the intention not to release one debtor the test in determining that it is a covenant not to sue as to the others. The latter rule compels us to hold that the agreement is a covenant not to sue McRoy and Maley, and we cannot under the former rule give the third paragraph a meaning that would be inconsistent with the rest of the agreement.

Whatever construction may be given to the third paragraph, the court was not called upon, under the motion in question, to construe the agreement further than to determine whether or not it shows satisfaction of the judgment. That such motion is the proper method of procedure, after the judgment has been paid and satisfied, is not questioned. Russell v. Hu-

gunin, 2 Ill. (1 Scam.) 561; Harding v. Hawkins, 141 Ill. 572. But, as we understand it, the only proper issue that may be raised upon such a motion is whether the judgment has been paid and satisfied. In the case at bar, the only evidence before the court was the agreement itself. From it alone full payment could not be inferred, else the judgment could have been declared satisfied any time after it was made. Neither was it an agreement to release and discharge McRoy and Maley from all demands under the judgment, else it would also operate as a release of Suplee, contrary to its express intention. Satisfaction as to them would make it satisfaction as to all. Winslow v. Leland, 128 Ill. 304. There being no proof therefore of full payment or satisfaction of the judgment, the court properly denied the motion.

*Affirmed.*