### Gregory T. Van Meter, Administrator of the Estate of Michael O'Rourke, Deceased, Appellant, v. Fred C. Gurney et al. Perry E. DeForest, Appellee.

### Gen. No. 32,932.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

James L. Bynum, G. Edwin Mitchell and Werner H. Sommers, for appellant.

PEDEN, KAHN & MURPHY, for appellee; DAVID SIL-
BERT, FRANK E. GETTLEMAN and GERALD RYAN, of coun-
sel.

MR. JUSTICE McSURELY delivered the opinion of the
court.

Perry E. DeForest, one of the defendants, appellee
here, filed his petition in the superior court asking
that a *capias* issued on an unpaid judgment against
him be quashed and that the clerk of the superior court
be ordered to satisfy the judgment in full. Plaintiff
filed a demurrer to the petition, which was overruled.
Plaintiff appeals from the order of the court granting
the prayer of the petition.

The question presented is, Does the payment by one
of two joint judgment debtors of a part of the judg-
ment, under an agreement with the plaintiff not to
release the other debtor, satisfy the entire judgment
so as to release both judgment debtors?

Plaintiff recovered a judgment in an action in tort
against both defendants—Fred C. Gurney and Perry
E. DeForest—in the sum of $9,360, which was affirmed
by this court. (240 Ill. App. 165.) DeForest's peti-
tion alleges that, while the said cause was pending in
the Supreme Court of Illinois, his codefendant, Gur-
ney, paid plaintiff the sum of $7,000 under an agree-
ment in writing in which the plaintiff released and
discharged said Gurney from all rights of action,
claims and demands which he had against him on said
judgment. It was further recited that the agreement
should be considered only "as a covenant not to sue,
or to enforce the said judgment, or to take out execu-
tion on said judgment as against the said Fred C.
Gurney." Also:

"It is further expressly understood and agreed that
nothing herein contained shall in any way tend to re-
lease or discharge, or shall in any way be construed as
releasing or discharging Perry E. DeForrest, the other

obligor and party to the said judgment, from the said judgment rendered in the said cause hereinabove described, or from any liability under the said judgment, and it is understood and agreed that the said judgment shall remain in full force and effect as against the said Perry E. DeForrest for the unpaid balance of Two Thousand Three Hundred Sixty ($2,360.00) Dollars, plus interest and costs, and I do hereby expressly reserve the right to proceed against the said Perry E. DeForrest under the said judgment, and to prosecute the same as to said unpaid balance of Two Thousand Three Hundred Sixty ($2,360.00) Dollars, plus interest and costs, in like manner as if this agreement had not been entered into, and to collect the said balance of said judgment, Two Thousand Three Hundred Sixty ($2,360.00) Dollars, plus interest and costs thereon from the said Perry E. DeForrest.''

There was also other language in the agreement to the effect that the acceptance by plaintiff of $7,000 should be considered ''as part payment only of the said judgment, and not in any way as an accord and satisfaction or release of the said judgment, only as to said Fred C. Gurney.''

The trial court applied the rule that the release of one or two joint tort-feasors operates as a release of all (*Rice v. Webster*, 18 Ill. 331), and that language in such a release reserving the right to pursue the co-defendant for the balance of a judgment is, in law, of no effect; that the release operates as a general and unqualified discharge. *Petroyeanis v. Pirola*, 205 Ill. App. 310.

Confining our consideration to the effect of such an agreement on joint judgment debtors and not as to claims against joint tort-feasors, we are of the opinion that the decided weight of authority favors the enforcement of the agreement of the parties if the language is clear and unambiguous. It clearly appears from the written instrument that it was the intention of the parties thereto to release only one of the judgment

debtors and to reserve the right to proceed to collect the balance of the judgment from the other judgment debtor. The courts must give effect to such intention. It has been so held in *Parmelee v. Lawrence,* 44 Ill. 405; *Nickerson v. Suplee,* 174 Ill. App. 136 (certiorari denied); *Wallace v. Armstrong,* 236 Ill. App. 457; *People ex rel. Lamoreaux v. City of Chicago,* 243 Ill. App. 623.

It is argued that, because the judgment arises out of an action in tort, the rule as to a release of one joint tort-feasor must prevail. It does not follow. The claim in tort is merged into the judgment which is a debt, and where there is an agreement to release one joint debtor, the creditor reserving his right against the other, such agreements have been almost universally construed so as to effectuate the intention of the parties. 34 Cyc. 1035. It requires some artificiality in reasoning to avoid giving effect to the intention of the parties in the instant case, where this intention is expressed as clearly as language is capable of expression.

We do not consider *Rice v. Webster,* 18 Ill. 331, or *Petroyeanis v. Pirola,* 205 Ill. App. 310, as controlling. The former case was in effect overruled in *Parmelee v. Lawrence,* 44 Ill. 405. The *Petroyeanis* case was a creditor's bill; the opinion gives a very meager statement as to the agreement said to be a covenant not to sue and the decision did not necessarily turn upon the instant point. In any event, the decided weight of authority is as above indicated.

We hold that the petition fails to set forth facts which justified the relief prayed for; that the demurrer should have been sustained and the petition dismissed. The orders of April 19, 1928, are therefore reversed and the cause is remanded to the superior court with directions to enter an order sustaining the demurrer and dismissing the petition.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.