[Civ. No. 10914. Third Dist. Oct. 18, 1965.]

EDGAR W. DUFF, JR., et al., Plaintiffs and Respondents, v. DALTON ENGELBERG et al., Defendants and Appellants.

Max H. Hoseit for Defendants and Appellants.

Edgar W. Duff, Jr., in pro. per., for Plaintiffs and Respondents.

PIERCE, P. J.—The sole question on this judgment-roll appeal by defendants Dalton Engelberg and Ann Engelberg from a plaintiffs' judgment against them is, as stated in defendants-appellants' brief, "whether a vendee under an executory contract to purchase real property can recover in addition to specific performance of said contract along with consequential and incidental relief damages, both compensatory and exemplary, against a third party who induced the vendor not to go forward with the sale...."

Affirming the trial court's judgment we hold that he can, that the measure of damages is not the same in the cause of action against the third party tortfeasors as it is in the count for specific performance against the vendor.

We summarize the findings of the trial court which, since this is a judgment-roll appeal, we must accept as supported by substantial evidence. (See 3 Witkin, Cal. Procedure (1954) Appeal, §§ 80, 81, pp. 2240-2241.)

Plaintiffs entered into a binding contract for the purchase of a lot in Carmichael, Sacramento County, from defendants McCoy. Defendants Engelberg and Campbell, who did not want plaintiffs and their family to live in the neighborhood because plaintiffs are Negroes, maliciously caused the McCoys to refuse to perform the contract. Instead, the McCoys con-

veyed the property to the Campbells "as trustees." The conspirators had actual knowledge of the contract between the McCoys and plaintiffs and the conveyance was made for the express purpose of defeating plaintiffs' rights.

The court decreed specific performance with incidental damages against defendants McCoy. These damages consisted of interest at a higher rate that plaintiffs had to pay while they pursued their remedy of specific performance. The court also gave judgments against the Engelbergs and the Campbells for $1,000 compensatory damages and $500 punitive damages.

▮ The thesis of appellants is that since plaintiffs were made whole by the judgment for specific performance (with incidental relief) they cannot have additional relief against the conspirators. They argue that since plaintiffs could not both obtain specific performance and have an action at law for damages for breach of contract against the vendor, neither can they sue and recover against the parties inducing the breach of contract after having sought and obtained specific performance.

Appellants cite cases, none of which are authority for the proposition for which they are cited. This case, on the precise question raised, appears to be one of first impression in California.

In *California Auto Court Assn.* v. *Cohn*, 98 Cal.App.2d 145 [219 P.2d 511], a motel owner had a contract with plaintiff real estate broker employing him to sell the motel. Plaintiff showed the motel to Marks who was ready, willing and able to buy. To euchre plaintiff out of his commission, the vendor, Marks, and Ostroff, the latter's father-in-law, conspired. The scheme: The motel was sold to Ostroff as "trustee." Marks operated it and was the beneficial owner. A trial court judgment for defendants on demurrer was reversed. The reviewing court stated (per Justice White, on p. 149) : ". . . Each participant in the wrongful act is responsible as a joint tortfeasor for all damages ensuing from the wrong. . . ." The court also stated (on p. 150) : ". . . In the various California cases wherein damages have been awarded or injunctive relief granted for unjustifiable interference with contractual relations, it is apparent that the plaintiff is not confined to an action ex contractu against the party with whom he contracted." See also dictum in *Swift* v. *Beaty* (1954) 39 Tenn. App. 292 [282 S.W.2d 655], which states at page 659 [282 S.W.2d] : "[A] person's liability in tort for wrongfully inducing the breach of a contract is in no way affected by the

fact that the injured party also has a right of action in contract against the defaulting party to the contract.''

▮ Professor Prosser has this to say with reference to the question under discussion: ''. . . Although older cases sometimes held to the contrary, it is now agreed that the fact that there is an available action against the party who breaks the contract is no defense to the one who induces the breach, since the two are joint wrongdoers, and each is liable for the loss. Even a judgment in such an action, returned unsatisfied, is no defense. Where substantial loss has occurred, one line of cases tends to adopt the contract measure of damages, limiting recovery to those damages which were within the contemplation of the parties when the original contract was made. Another, apparently somewhat more uncertain of its ground, has applied a tort measure, but has limited the damages to those which are sufficiently 'proximate,' with some analogy to the rules as to negligent torts. A third, perhaps the most numerous, has treated the tort as an intentional one, and has allowed recovery for unforeseen expenses, as well as for mental suffering, damage to reputation, and punitive damages, by analogy to the cases of intentional injury to person or property. *In the light of the intent and the lack of justification necessary to the tort, this seems the most consistent result.* [Citations.] (Italics added.) (Prosser, Torts (3d ed.) ch. 26, § 123, pp. 972-973.) We accept the rule last stated as being the proper one for the reasons quoted in italics.

▮ The vice of appellants' reasoning (stated above) is that specific performance, plus incidental relief, does not really make the plaintiff whole. The suit for specific performance gives to plaintiff the property he was entitled to receive and the incidental expenses and other damages to which he was subjected in his efforts to pursue and recover that property. Those are the expectable-*Hadley* v. *Baxendale*[1]-type of damages. They are not necessarily the total damages suffered when the tort is intentional.

▮ ''A person who commits a tort against another for the purpose of causing a particular harm to the other is liable for such harm if it results, whether or not it is expectable, except . . . .'' (Rest., Torts, §915—exception stated not applicable.)

The court awarded plaintiffs only incidental damages against defendant vendors. Plaintiffs had not charged them as members of the conspiracy. Against the conspirators com-

---

[1]*Hadley v. Baxendale* (1854) 9 Exch. 341, 156 Eng. Rep. 145.

mitting the intentional harm, plaintiffs were entitled to recover damages for all harm resulting from their acts. (Rest., Torts, *supra,* § 915; Civ. Code, § 3333; 2 Witkin, Summary of Cal. Law (1960) § 391, p. 1596.)

█ Of course, there can be no double recovery of compensatory damages. (*Ash* v. *Mortensen* (1944) 24 Cal.2d 654, 658, 660 [150 P.2d 876]; *Dodds* v. *Bucknum* (1963) 214 Cal.App.2d 206, 212 [27 Cal.Rptr. 393].) █ There was no showing that a double recovery occurred here. This is a judgment-roll appeal. The findings of the court show that the award of incidental damages against defendant vendors was the difference between the rate of interest plaintiffs had to pay on moneys borrowed and the normal bank rate. There is no showing as to what the basis was for the allowance of compensatory damages in the sum of $1,000 against the defendant conspirators. The finding that plaintiffs were damaged in that sum by said defendants was a sufficient finding of ultimate fact. (*Foster* v. *Keating* (1953) 120 Cal.App.2d 435, 453 [261 P.2d 529].) There was no request for special findings. We cannot assume that there was an allowance of a double recovery of damages.

█ The allowance of punitive damage was proper. The complaint had alleged, and the court found, that the acts of the conspirators were malicious. (Civ. Code, § 3294.)

The judgment is affirmed.

Friedman, J., and Regan, J., concurred.