MOHAMMAD YASIM AMIN, Plaintiff-Appellant, v. KNAPE & VOGT COMPANY, INC., Defendant-Appellee (C.F. Murphy Associates, Inc., *et al.*, Defendants).

First District (3rd Division)   No. 85—544

Opinion filed October 15, 1986.

Marvin A. Brustin, Ltd., of Chicago (William J. Harte, Ltd., of counsel), for appellant.

Sam L. Miller, Ltd., of Chicago (Sam L. Miller and Michael W. Rathsack, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Mohammad Yasim Amin, appeals from an order of the

trial court granting summary judgment in favor of defendant, Knape & Vogt Company, Inc., on count II of his complaint which alleges personal injuries caused in a laboratory accident.

Plaintiff, an employee of Malcolm X College, was injured on October 22, 1974, when clips supporting laboratory shelves broke, causing the shelves to fall. Liquid chemicals stored on the shelves spilled, causing plaintiff to slip and fall. The complaint states a cause of action in products liability against both Taylor Manufacturing Company, as the manufacturer and seller of the laboratory shelves, and against Knape & Vogt as the manufacturer, designer, seller, or distributor of the support clips. Knape & Vogt filed a third-party complaint against Amerock Corporation, alleging that Amerock was the manufacturer of the Knape & Vogt clips and that Knape & Vogt merely acted as a distributor for this shelf support.

Taylor Manufacturing, which is not a party to this appeal, filed a separate motion for summary judgment. The facts alleged in that motion are summarized here only in so far as they are relevant to this appeal. In its motion Taylor stated that it furnished approximately 4,648 Knape & Vogt No. 335 tan plastic shelf supports to the Malcolm X College project in June 1970. In support of its motion, Taylor attached the affidavit of Ben Yoshinaga, the executive vice-president of American Desk Manufacturing Company, which includes the Taylor division. Yoshinaga stated that Taylor's purchase receipts show that all plastic shelf supports purchased were Knape & Vogt No. 335 plastic shelf supports. Taylor's packing slips to the college project indicate that approximately 4,648 Knape & Vogt No. 335 tan plastic shelf supports were sent in June 1970 and 3,160 of the shelf supports were designated for the chemical storage area in question. Yoshinaga further attested that he examined the broken plastic shelf supports found at the site of the accident but found that they were not Knape & Vogt No. 335 tan plastic shelf supports. Yoshinaga stated, "[B]ased upon information and belief and my review of the Lescoa Company catalogue, the broken shelf supports retrieved by James Craig [professor at Malcolm X] appeared to be identical to the shelf supports manufactured by the Lescoa Company."

In its motion for summary judgment, Taylor disclaimed all liability by contending that it supplied Knape & Vogt No. 335s, the clips called for in the specifications. Taylor also stated it never purchased any shelf supports from Lescoa, nor did it make arrangements to substitute any shelf supports for the Knape & Vogt No. 335s. Taylor stated that it never transacted business with Lescoa. The trial court denied Taylor's motion for summary judgment, and that order is not

before us.

Knape & Vogt also filed a motion for summary judgment stating that plaintiff had not come forward with any evidence which would create a material question of fact regarding the involvement of Knape & Vogt. Affidavits in support of its motion stated that Knape & Vogt inspected the premises of the accident and all shelf clips were identical. C.K. Miller, a Knape & Vogt officer, examined the clips found at the accident site and attested that the clips were not manufactured, designed, or distributed or sold by Knape & Vogt. Knape & Vogt also submitted an affidavit of the attorney for the board of trustees of the Community College District 508. This affidavit attested that a search of the college records reveals no physical record that any clips other than those present at the time of the accident were ever utilized. Knape & Vogt submitted affidavits of several Malcolm X employees to attest to the search of the college records.

In opposition to Knape & Vogt's motion, plaintiff argued that the total shelf units were manufactured by Taylor who purchased support clips from Knape & Vogt. Plaintiff relied on Yoshinaga's affidavit and Taylor's interrogatory answers which stated that the shelves were shipped to the jobsite with clips purchased from Knape & Vogt. The interrogatories also stated that Taylor hired Laboratory Installations, Inc., to install the shelves at the college. Plaintiff submitted the affidavit of Al Zimmerman, president of Laboratory Installations, who stated that Laboratory Installations assembled and installed the shelving, but used only the supports provided to them by Taylor.

■ The purpose of a summary judgment proceeding is to determine the existence or absence of triable issues of fact. (*Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239.) A motion for summary judgment should not be granted where there exists a genuine issue of material fact. (*Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 450 N.E.2d 756.) In hearing a motion for summary judgment, the trial court must construe the pleadings, depositions, and affidavits most strictly against the moving party and most liberally in favor of the motion's opponent. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.) If the facts allow for more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. The right of the moving party to summary judgment must be clear and free from doubt. *Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 436 N.E.2d 598.

■ Under the law governing products liability, all persons in the distributive chain, including suppliers, distributors, wholesalers, and retailers, are liable for injuries resulting from a defective product. (*Hammond v. North American Asbestos Corp.* (1983), 97 Ill. 2d 195, 454 N.E.2d 210, citing *Thomas v. Kaiser Agricultural Chemicals* (1980), 81 Ill. 2d 206, 407 N.E.2d 32.) A plaintiff must identify the supplier of the product and establish a causal relationship between the injury and the product. (*Kramer v. Weedhopper of Utah, Inc.* (1986), 141 Ill. App. 3d 217, 490 N.E.2d 104 (citing *Schmidt v. Archer Iron Works, Inc.* (1970), 44 Ill. 2d 401, 256 N.E.2d 6, *cert. denied* (1970), 398 U.S. 959, 26 L. Ed. 2d 544, 90 S. Ct. 2173).) Under these principles, plaintiff is required to identify the supplier of the support clips installed at the project. If plaintiff can prove at trial that Knape & Vogt supplied Taylor with the defective clips, Knape & Vogt may be held liable.

■ Plaintiff contends that the trial court erred in granting summary judgment in favor of Knape & Vogt because a genuine issue of material fact remains as to who supplied the defective clips installed at Malcolm X. We agree. The record indicates that all clips installed were never replaced. Laboratory Installations stated that it installed the clips supplied by Taylor. According to its affidavit and its answers to interrogatories, Taylor stated that the shelves were shipped to the jobsite with clips purchased from Knape & Vogt. Although the clips installed were not the Knape & Vogt No. 335s which were ordered, a fair inference could be drawn that Knape & Vogt supplied the allegedly defective clips. Fair-minded persons could draw differing inferences from the facts presented and consequently summary judgment should not have been granted.

For the foregoing reasons, the judgment of the circuit court of Cook County granting summary judgment in favor of Knape & Vogt is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY and WHITE, JJ., concur.