DIAMOND HEADACHE CLINIC, LTD., Plaintiff-Appellant, v. LOEBER MOTORS, INC., Defendant-Appellee.

First District (5th Division)   No. 85—3175

Opinion filed June 30, 1988.

Douglas Drenk, David Drenk, and James P. Moran, all of Guerard & Drenk, Ltd., of Wheaton, for appellant.

Reuben A. Bernick, of Rudnick & Wolfe, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

The plaintiff, Diamond Headache Clinic, Ltd. (Diamond), brought this action against the defendants, Mercedes-Benz of North America (Mercedes-Benz) and Loeber Motors, Inc. (Loeber), for breach of warranties and against Loeber for negligent repair of a Mercedes-Benz automobile which Diamond purchased from Loeber.

Diamond's four-count complaint filed in August 1978 alleged that in December 1975, Diamond purchased a new 1975 Mercedes-Benz automobile from Loeber. Subsequently, Diamond experienced numerous problems with the automobile's windshield washers, sunroof, foglamps, engine, exhaust and emission control system, radio, trunk, brakes, and door locks. Between January 19, 1976, and April 2, 1978, Diamond returned the automobile to Loeber 13 separate times for repairs. As Loeber did not properly repair the automobile, Diamond sent the automobile to another repair shop where the repairs were then made to Diamond's satisfaction. Diamond further alleged that in selling Diamond a defective automobile Loeber and Mercedes-Benz breached their warranties of merchantibility and fitness for a particular purpose and that Loeber negligently failed to properly repair the aforementioned defects in the automobile.

On June 2, 1981, almost three years after Diamond filed the suit,

Diamond executed a release of Mercedes-Benz for and in consideration of $500 and on June 29, 1981, Diamond and Mercedes-Benz filed a stipulation to dismiss the case against Mercedes-Benz, which stipulation read as follows:

### "STIPULATION TO DISMISS

It is hereby stipulated by and between the Plaintiff, DIAMOND HEADACHE CLINIC, LTD., and Defendant, MERCEDES-BENZ OF NORTH AMERICA, INC., that this cause shall be dismissed as to MERCEDES-BENZ OF NORTH AMERICA, INC. with prejudice and without costs, all matters in controversy between and among said parties having been compromised and settled."

The stipulation to dismiss defendant Mercedes-Benz was signed by the attorneys for Mercedes-Benz and Diamond. Pursuant to said stipulation to dismiss, on July 7, 1981, the trial court entered the following order:

"This cause coming to be heard on the stipulation to dismiss, the court being advised that *all matters in controversy between plaintiff and Mercedes-Benz of North America, Inc. have been compromised and settled,*

It is hereby ordered that *this cause shall be dismissed as to Mercedes-Benz of North America, Inc.* with prejudice and without costs.

*This cause shall continue as to the remaining defendant [Loeber]."* (Emphasis added.)

Also on July 7, 1981, the trial court entered a further order returning the case to the trial call.

Three years after defendant Mercedes-Benz had been dismissed as a defendant, on August 13, 1984, Diamond's attorney filed a motion to set a trial date for the case between Diamond and Loeber and on October 18, 1984, the case was assigned for pretrial. On January 24, 1985, Diamond again moved to set a trial date. The trial court, on March 29, 1985, set the cause for trial for June 10, 1985.

On May 7, 1985, almost four years after Mercedes-Benz had been dismissed as a defendant, Loeber moved for summary judgment claiming that Diamond's release of Mercedes-Benz also released Loeber. In opposing Loeber's motion for summary judgment Diamond argued to the trial court that the release released only Mercedes-Benz and did not release Loeber. The trial court, nevertheless, on June 6, 1985, granted Loeber's motion for summary judgment against Diamond on Diamond's four-count complaint for breach of warranties and negligent repair of the automobile.

On July 26, 1985, the trial court granted Diamond leave to file counts V and VI of its proposed amended complaint, *nunc pro tunc* June 6, 1985. On September 24, 1985, pursuant to the motion of Loeber, the trial court dismissed with prejudice counts V and VI of Diamond's amended complaint.

Diamond contends on this appeal that its release of Mercedes-Benz was not intended to and did not release Loeber and that the trial court therefore improperly granted Loeber's motion for summary judgment based upon the release. Diamond also contends that the trial court's dismissal of its amended complaint was improper. We agree with both contentions.

▆▆▆ Normally a release of one defendant in a legal proceeding does not release a codefendant where the intention was to release only that one defendant. The intention of the parties is controlling. Whether the parties to a release intended that the release of one defendant was to be in full satisfaction of the damages sustained by the plaintiff or merely partial payment is a question of fact. (See *Mitchell v. Weiger* (1977), 56 Ill. App. 3d 236, 371 N.E.2d 888.) It has been uniformly held in this State that it is the intent of the parties to a release which controls its scope and effect. Such intent is determined from the language of the release when read in light of the circumstances surrounding its execution. Under this approach, the language of a release will be restricted to the thing or things intended to be released and the release will not be interpreted to effectuate the defeat of a valid claim which the parties never intended to be released or defeated. (See *Gladinus v. Laughlin* (1977), 51 Ill. App. 3d 694, 366 N.E.2d 430.) Moreover, where the litigants seek to draw different inferences, such as intent and, conversely, no intent, summary judgment is particularly inappropriate. See *Schuster v. East St. Louis Jockey Club, Inc.* (1976), 37 Ill. App. 3d 483, 345 N.E.2d 168.

▆▆ The first three counts of plaintiff's original four-count complaint, upon which summary judgment was granted to Loeber, alleged that Mercedes-Benz and Loeber breached their warranties of merchantibility and fitness of the automobile for driving. In count IV, however, plaintiff named only Loeber as a defendant and alleged that Loeber negligently breached its duty to properly repair the defects in the automobile. Counts V and VI, subtitled "Fraud" and "Negligent Misrepresentation," respectively, alleged that Loeber's repairs of the automobile were not performed in a workmanlike manner, that Loeber fraudulently and negligently misrepresented that the repairs were performed, and that the repairs were not done at all. Although we make no determination here of the intent of Diamond when it ne-

gotiated and executed the release, we believe that in light of the difference in the causes of action alleged against Mercedes-Benz and Loeber and against Loeber alone, and the aforementioned actions taken by Diamond and Loeber during the ensuing four years after the execution of the release of Mercedes-Benz, summary judgment was inappropriate. Another factor upon which a fact finder could rely in determining whether Diamond intended to release Mercedes-Benz but not Loeber was the relatively meager amount of consideration which was given to Diamond by Mercedes-Benz in exchange for the release, $500, in view of the automobile's extensive defects; defects which were allegedly not properly repaired by Loeber on at least a dozen separate occasions, but which allegedly were properly repaired by another repair shop at the alleged cost of $30,000 to Diamond. Further, we note that it was four years after the execution of the release that Loeber first claimed to also have been released and that Loeber contributed neither monetarily nor remedially to the execution of the release. That Loeber was not a party to the negotiation of the release and contributed no portion of the $500 consideration presented a question of whether Diamond intended to release Loeber. The final litigation was between a party to the release, plaintiff Diamond, and a stranger to the release, defendant Loeber. See *Mitchell v. Weiger* (1977), 56 Ill. App. 3d 236, 371 N.E.2d 888.

■■ The law of Illinois is well established that a full and unconditional release of one of several co-obligors on a joint obligation also discharges the other co-obligor. (See *Porter v. Ford Motor Co.* (1983), 96 Ill. 2d 190.) The rationale for this doctrine is to prevent a claimant from receiving multiple recoveries for a single claim. The doctrine is not designed, however, to prevent a claimant from mutually resolving a claim or dispute with one obligor without the claimant's releasing a different claim against another obligor. Nor is it the purpose of the doctrine to release a co-obligor when a claim has been only partially settled between the claimant and another obligor if it is the intent of the claimant not to release the other obligor, but rather to hold him responsible for the balance of the claim. (See *Artoe v. Navajo Freight Lines, Inc.* (1978), 65 Ill. App. 3d 119, 382 N.E.2d 492.) As we have noted, Diamond's allegations against the released defendant, Mercedes-Benz, and against Loeber were not the same; the former were allegations of breach of warranties and the latter were allegations of negligence, fraud and misrepresentation. Diamond therefore did not allege that the two defendants were co-obligors who were liable for a single injury. Instead, Diamond alleged that he had sustained separate and different injuries as a result of the independent acts of

the two defendants. Diamond contended that the defendant, Mercedes-Benz, had discharged its obligation to Diamond by and for the consideration of $500, but that the obligations of the remaining defendant, Loeber, were yet outstanding.

■ A motion for summary judgment should not be granted where there exists a genuine issue of material fact. In ruling on a motion for summary judgment, the trial court must construe the pleadings, affidavits, exhibits and depositions most strictly against the party moving for summary judgment and most liberally in favor of the party opposing the motion. If the facts allow for more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. The right of the moving party to summary judgment must be clear and free from doubt. *Amin v. Knape & Voght Co.* (1986), 148 Ill. App. 3d 1075, 1077, 500 N.E.2d 454.

■ Moreover, summary judgment must be cautiously granted so that the opponent's right to trial is not usurped in the presence of material evidentiary conflicting facts and inferences. The function of summary judgment is to determine the existence or absence of triable issues of fact, not to try them. The moving party for summary judgment must affirmatively show a clear legal right thereto, free from doubt. If any facts upon which reasonable persons may disagree are identified, or if inferences may be fairly drawn from the facts leading to differing conclusions, then the motion for summary judgment must be denied and the resolution of those facts and inferences must be made at trial. When an instrument contains material terms capable of being understood in more than one sense and pleadings and affidavits conflict as to their meaning, as a matter of law, the court must resort to an evidentiary hearing, rather than summary judgment proceedings, so that the parties may present their respective positions at trial as to the true intent and agreement which they have executed. See *Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 466 N.E.2d 1271.

We conclude, therefore, that the trial court erred in granting the defendant Loeber's motion for summary judgment and reverse.

■ We further conclude that the trial court erred in dismissing Diamond's amended complaint. Pleadings are to be liberally construed with a view toward doing substantial justice between the parties. A cause of action should not be dismissed unless it appears that no set of facts could be alleged or proven which would entitle the plaintiff to recover. (See *Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 463 N.E.2d 1339.) Diamond's amended complaint against Loeber alleged that subsequent to the delivery of the automobile, Diamond returned

the automobile to Loeber many times for repair, including eight times for repair of the exhaust system. Diamond alleged that after these repeated trips to Loeber, which repeatedly represented that the repairs were properly performed, the automobile had to be repaired by another repair shop at considerable travel and repair expense to Diamond. Diamond also alleged loss of income due to the absence of its key employee, Seymour Diamond, who was responsible for taking the automobile to Loeber and the other repair shop for repairs. We make no determination here of whether Loeber was negligent in performing the repairs of Diamond's automobile or whether Loeber fraudulently claimed to have performed those repairs. Such findings are within the province of the finder of fact. Neither can we say that under no circumstances would Diamond be entitled to recover for the injuries alleged in its pleadings. The order of the trial court dismissing Diamond's amended complaint is thus reversed for further proceedings consistent with the views expressed herein.

Reversed and remanded.

LORENZ, P.J., and MURRAY, J., concur.