BESSIE LAPIDUS, Plaintiff-Appellant, v. UNION OIL COMPANY OF CALIFORNIA, Defendant-Appellee.

First District (3rd Division)   No. 1—88—2472

Opinion filed March 22, 1989.

Raymond P. Concannon, Ltd., of Chicago (Raymond P. Concannon and Michael P. Concannon, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Ellyn B. Dorf and Victor J. Piekarski, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Bessie Lapidus appeals from an order of the trial court granting summary judgment in favor of defendant Union Oil Company of California in this premises liability action which alleges plaintiff sustained personal injuries when she fell while walking across a defect in the driveway of defendant's gas station.

The complaint alleges that on September 3, 1984, the 77-year-old plaintiff was "walking on or about the driveway" of defendant's Chicago gas station at a point where the driveway "crosses over [the] public sidewalk." Plaintiff was "caused to trip and forcibly fall to the pavement because of the presence of [a] cracked, uneven and depressed driveway" which was present due to defendant's negligence.

Defendant's answer admitted plaintiff had fallen, but denied the "fall was because of the presence of [a] cracked and uneven and depressed driveway." Defendant also filed an affirmative defense stating that the sole proximate causes of plaintiff's alleged injuries were that she "[f]ailed to keep a proper lookout for where she was walking" and "[f]ailed to notice cracks and depressions in the pavement which could

or might have caused her to slip or trip."

On October 14, 1986, plaintiff completed sworn answers to interrogatories, which included the following information:

"INTERROGATORY: State in detail where you fell.

ANSWER: Driveway of defendant's gas station as it crosses over sidewalk area.

INTERROGATORY: State in detail what caused you to fall.

ANSWER: Defective—uneven."

Plaintiff was admitted to the hospital with a fractured nose, fractured foot, fractured rib, concussion, abrasions, and aggravation to disc disease and osteoporosis.

On December 2, 1986, defendant answered interrogatories indicating that Chicago police officer J. Holder was present at the scene immediately after the accident. Defendant also indicated that it had taken two photographs of the gas station premises in April 1986.

On September 17, 1987, plaintiff's deposition was taken by defendant. Plaintiff stated that at about 5 p.m. on September 3, 1984, she was walking to the park with her sister-in-law, who is now deceased, near the corner of Western and Pratt in Chicago. It was light outside and the weather was dry. She wore low-heeled shoes which were about two months old. They were walking slowly and she carried only a purse.

Interspersed throughout the deposition, plaintiff was asked about the fall itself. She could recall little about the precise details of the fall.

Plaintiff stated that she saw a driveway.

"A. *** [T]here is a sidewalk there and a driveway. And the sidewalk, it wasn't even, between the sidewalk and the driveway.

Q. Did you fall on the sidewalk?

A. I fell forward, yes.

Q. But were you on the sidewalk when you fell?

A. I don't remember.

* * *

I was in shock. I really couldn't tell you.

* * *

I fell on the sidewalk near the driveway where it was uneven.

Q. So you fell on the sidewalk near the driveway, correct?

A. Yes.

* * *

I lost my footing. It happened so fast, I just fell forward.

\* \* \*

Q. So you don't remember whether you tripped, or whether you slipped?

A. I just fell forward.

Q. Do you know what caused you to fall forward?

A. The unevenness.

Q. Of the concrete of the sidewalk?

A. Yes.

\* \* \*

I guess I was closer [than her sister-in-law] to the uneven part of the sidewalk. It was higher than the driveway.

\* \* \*

Q. You said you're not sure whether you tripped or slipped; is that correct?

A. Yes. I don't remember tripping or slipping; just falling.

Q. The only thing you remember is going forward; correct?

A. Yes."

Later, defense counsel returned to questions about the location of the accident:

"Q. Was there a driveway near where you fell?

A. Between the sidewalk and the driveway. The sidewalk was a little higher.

Q. The sidewalk was higher than the driveway?

A. Yes. It's uneven.

Q. Did you fall when you stepped from the sidewalk to the driveway?

A. I don't remember. It happened so fast.

Q. So you don't know if you were on the driveway at all when you fell; is that correct?

A. I don't remember."

Defense counsel also asked plaintiff to look at two photographs of the corner of Pratt and Western and identify the area where she fell. Plaintiff replied that, as to either photograph, she was unable to tell from the picture where the driveway was located, or on which corner the gas station was located. Defense counsel asked, "So you can't tell, looking at deposition exhibit no. 2 for identification, where you fell, correct?" Plaintiff replied, "I can't tell from those pictures."

On May 16, 1988, plaintiff filed an affidavit which stated:

"When we reached an area where the public sidewalk meets with the gas station driveway, my left foot went into a depression located in the driveway and I fell forcibly onto the driveway.

Immediately after I fell I saw that the area where I had stepped was not level in that the gas station driveway was lower than the sidewalk creating a depression in the surface."

The trial court granted defendant's motion to strike the affidavit due to its contradiction of the deposition testimony. The trial court also granted defendant's motion for summary judgment.

■ Plaintiff contends that the trial court erred in granting summary judgment in favor of defendant. We agree. A motion for summary judgment should not be granted where there exist genuine issues of material fact. (*Amin v. Knape & Vogt Co.* (1986), 148 Ill. App. 3d 1075, 500 N.E.2d 454.) The trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the motion's opponent. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.) If the facts allow for more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. The right of the moving party to summary judgment must be clear and free from doubt. *Amin v. Knape & Vogt Co.*, 148 Ill. App. 3d 1075, 500 N.E.2d 454.

Plaintiff's June 1986 complaint alleges that she fell while "walking on or about the driveway" where it "crosses over [the] public sidewalk." Plaintiff's answer to an interrogatory states she fell on the "driveway of defendant's gas station as it crosses over sidewalk area." In her deposition, plaintiff repeatedly describes the difference in height between the driveway and sidewalk, causing her to fall to the pavement.

"[T]here is a sidewalk there and a driveway. And the sidewalk, it wasn't even, between the sidewalk and the driveway.

\* \* \*

I fell on the sidewalk near the driveway where it was uneven.

\* \* \*

I guess I was closer to the uneven part of the sidewalk. It was higher than the driveway.

\* \* \*

Between the sidewalk and the driveway. The sidewalk was a little higher. \*\*\* It's uneven."

While it is not clear whether plaintiff's entire body landed on the driveway, sidewalk, or on both, we do not see how that factual determination would warrant summary judgment. Plaintiff's counsel correctly argued before the trial court that if a person fell because of an oil slick on the driveway, but actually landed 10 feet into the street,

the final resting place of the body does not require a finding as a matter of law that the oil slick could not have caused the initial fall.

Some ambiguity arose during the deposition, but only in places where defense counsel reworded plaintiff's statements, or plaintiff had difficulty understanding the questions. (See *Canzoneri v. Village of Franklin Park* (1987), 161 Ill. App. 3d 33, 513 N.E.2d 1101 (summary judgment not warranted, notwithstanding fact that during deposition, 76-year-old plaintiff showed some confusion as to questions regarding exact location of sidewalk where she fell).) For example, in the present case:

"A. *** [T]here is a sidewalk there and a driveway. And the sidewalk, it wasn't even, between the sidewalk and the driveway.

Q. Did you fall on the sidewalk?

A. I fell forward, yes.

* * *

I fell on the sidewalk near the driveway where it was uneven.

Q. So you fell on the sidewalk near the driveway, correct?

A. Yes.

* * *

Q. Do you know what caused you to fall forward?

A. The unevenness.

Q. Of the concrete of the sidewalk?

A. Yes."

Statements made by plaintiff herself, however, are quite clear. Fair-minded persons could draw differing inferences from the facts presented.

■■ Considering the entire record before us in a light most favorable to plaintiff, we conclude that defendant's right to summary judgment is not clear and free from doubt. (See *Canzoneri v. Village of Franklin Park*, 161 Ill. App. 3d 33, 513 N.E.2d 1101.) Plaintiff need not prove her case in response to defendant's motion for summary judgment, but need only present some factual basis which would arguably entitle her to judgment in her favor. See *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201.

■■ The trial court stated that "in her deposition testimony she said she was in shock and didn't really know what caused her to fall, which would be a *Kimbrough*-type situation." *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328, involved a plaintiff who fell on a ramp at a Jewel store, but did not know why she had fallen or if she had slipped on a grease spot on the ramp. Summary

judgment was granted in favor of defendant due to the failure to establish any causal connection between the condition of defendant's property and plaintiff's fall. Unlike *Kimbrough,* plaintiff here specifically asserted a defect in the driveway, claiming that it caused her to fall. (See *Canzoneri v. Village of Franklin Park,* 161 Ill. App. 3d 33, 513 N.E.2d 1101.) We hold that the trial court erred in entering summary judgment for defendant.

█ The trial court properly struck plaintiff's affidavit, filed after her deposition. The affidavit at least in part contradicted plaintiff's deposition testimony. The affidavit, however, does not affect our decision, and we need not discuss that issue.

For the foregoing reasons, the judgment of the circuit court of Cook County granting summary judgment in favor of defendant is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

RIZZI and WHITE, JJ., concur.